# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2009

Charles R. Fulbruge III
Clerk

No. 07-31063
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANDREW SMITH, JR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CR-20132-1

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Andrew Smith, Jr., appeals the 15-year sentence imposed after he pled guilty to discharging a firearm during a drug-trafficking crime. See 18 U.S.C. § 924(c)(1)(A)(iii). For the following reasons, we AFFIRM the judgment of the district court.

Smith fled from a sheriff's deputy and a foot chase ensued. As the deputy closed in, Smith pulled a firearm and fired it, hitting no one. Smith was captured and found to be carrying crack cocaine. Pursuant to a written plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement, Smith pled guilty to carrying and discharging a firearm during a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii); other related charges were dismissed. The presentence report ("PSR") correctly stated that the advisory Guideline sentence was the 10-year statutory minimum sentence contained in § 924(c)(1)(A)(iii), see U.S.S.G. § 2K2.4, but indicated that an upward departure might be warranted. The district court conducted a three-stage sentencing hearing, focusing primarily on the circumstances of the gun's discharge. The court determined that Smith's original story that the gun accidently fired in his pocket was contrary to the evidence and that Smith had intentionally fired the weapon. The court then imposed a 15-year sentence.[1] Smith appeals.

We review sentences for reasonableness in light of 18 U.S.C. § 3553(a). United States v. Sanchez-Ramirez, 497 F.3d 531, 534 (5th Cir. 2007). A reviewing court must first ensure that the sentence is not unreasonable due to a procedural error "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Gall v. United States, 128 S. Ct. 586, 597 (2007). If the reviewing court deems the district court's sentencing decision to be procedurally reasonable, the court should then consider whether the sentence is substantively reasonable under "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. When a sentence is

---

[1] It is unclear whether the district court intended the five-year increase to be a Guidelines-based upward "departure" or a non-guideline upward "variance." However, the characterization is irrelevant in this case because "the sentence imposed was reasonable 'under the totality of the relevant statutory factors.'" United States v. Brantley, 537 F.3d 347, 349 (5th Cir. 2008) (quoting United States v. Jones, 444 F.3d 430, 441 (5th Cir. 2006)). Further, if the sentence was a departure, sufficient notice of a possible departure was supplied by the PSR and the government's response, which indicated that the physical evidence contradicted Smith's claim of accidental discharge. See United States v. Singleton, 49 F.3d 129, 135 (5th Cir. 1995).

outside the Guidelines range, the reviewing court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. The Supreme Court has rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range" as well as "the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." Id. at 595.

Smith initially raises several procedural challenges to his sentence. Because he failed to object at sentencing, these challenges are reviewed for plain error. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007) cert. denied, 128 S. Ct. 2959 (2008). To prevail on plain-error review, a defendant must show a clear or obvious error that affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-35 (1993). If the defendant does so, we have discretion to correct the forfeited error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 736.

Smith first contends that the district court failed to set forth adequate reasons for his sentence. In explaining a chosen sentence, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Rita, 127 S. Ct. 2456, 2469 (2007). Where the record indicates that the court has considered the evidence and arguments, a short statement may be sufficient. See id. at 2468–69. Here, the district court held a three-stage hearing to determine whether Smith intentionally fired the weapon and thereby purposefully endangered the deputy. At the conclusion, the court explained that it had considered the § 3553(a) factors and decided to impose 15 years because "Smith used a firearm while committing or attempting to commit an offense which has as an element the attempted use or threatened use of physical force against the person or property of another." Viewed in context of the sentencing proceedings,

this statement clearly implicates the danger to the deputy created by Smith's intentional drawing and discharging of the firearm. Moreover, the court had previously stated that it (1) accepted expert testimony that the gun did not accidently discharge in Smith's pocket as Smith initially claimed; (2) found Smith's actions to be "extremely dangerous"; and (3) believed that Smith failed to adequately take responsibility for the danger to the deputy. Thus, viewing the proceedings as a whole, it is clear that the district court imposed the 15-year sentence based on the intentionally created danger to the deputy and Smith's failure to accept responsibility. No further explanation is necessary. See Rita, 127 S. Ct. at 2468–69.

Second, Smith contends that court improperly relied on the inherent danger of using a firearm as a factor in enhancing his sentence. He argues that any such danger was previously taken into account in formulating the 10-year Guidelines sentence. It is clear that the district court relied on more than just the inherent danger of a firearm in selecting a sentence. Moreover, the district court was not precluded from imposing a non-Guidelines sentence based on a factor that the Guidelines had already taken it into account. See United States v. Brantley, 537 F.3d 347, 350 (5th Cir. 2008).

Third, Smith asserts that the district court did not find facts to justify a departure under U.S.S.G. § 5K2.21. Section 5K2.21 provides for an upward departure "to reflect the actual seriousness of the offense based on [uncharged] conduct." § 5K2.21; United States v. Newsome, 508 F.3d 731, 734 (5th Cir. 2007). There is no indication that the court attempted to justify a departure under § 5K2.21, and thus Smith has shown no error.

Smith also raises several challenges to the substantive reasonableness of his sentence. He contends that the sentence was "unjustified" because there was no compelling reason for the upward departure. However, the record supports the district court's implicit conclusion that Smith intentionally fired the gun as the deputy approached. The increased danger to the deputy presented by the

gun's intentional discharge concerns "the nature and the circumstances of the offense" under § 3553(a)(1) and the "seriousness of the offense" under § 3553(a)(2)(A). See Sanchez-Ramirez, 497 F.3d at 535 (upholding above-Guidelines sentence where the conduct was "more egregious than the normal alien-smuggling case" on account of the grave danger posed to the smuggled aliens). Furthermore, it is clear that Smith presented several different versions of the offense and failed to take full responsibility for the danger.

Finally, Smith contends that the degree of the departure or variance was excessive. Smith's contention that he would have received a lesser sentence had he gone to trial and been convicted on all counts is purely speculative. There is no indication in the record that, after a trial, the district court would not have increased the sentence based on danger to the deputy. Further, the statutory minimum of 10 years would have been imposed in addition to any punishment for the associated drug crime. See § 924(c)(1)(A). Finally, this court has upheld departures or variances similar to or greater than the 50% increase in Smith's sentence. See, e.g., Brantley, 537 F.3d at 348-50 (variance from guideline maximum of 51 months to sentence of 180 months); Williams, 517 F.3d at 811 (variance from guideline maximum of 121 months to sentence of 172 months); Herrera-Garduno, 519 F.3d at 530 (departure or variance to 60 months, up from guideline maximum of 27 months). Smith has not shown that his sentence was unreasonable.

The judgment of the district court is AFFIRMED.