**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-50734
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRANCISCO JAVIER SOTO-MARTINEZ, also known as Javier Soto, also known as Alberto Sanchez, also known as Javier Martinez-Ramirez, also known as Antonio Soto Martinez, also known as Alberto Cantara, also known as Alberto Alcantara Sanchez, also known as Fernando Soto Sanchez, also known as Alberto Allandafe Sanchez, also known as Albeto Alcandara-Sanchez

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-539-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Soto-Martinez appeals his sentence following his guilty plea conviction for illegal reentry into the United States. Soto-Martinez was sentenced to 120 months of imprisonment and three years of nonreporting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release. This sentence was above his sentencing guidelines range of 46 to 57 months of imprisonment.

Soto-Martinez contends that his sentence should be vacated as substantively unreasonable because it was greater than necessary to meet the requirements of 18 U.S.C. § 3553(a). He argues that the district court abused its discretion by giving disproportionate weight to the need to afford adequate deterrence from crime and that the district court erred in reasoning that a 120-month sentence was necessary because he had not been deterred from reentering the United States after serving nearly 10 years of imprisonment for attempted murder. He also argues that a within-guidelines sentence was sufficient to provide just punishment for the offense, promote respect for the law, and reflect the seriousness of the offense. Citing *United States v. Gomez-Herrera*, 523 F.3d 554, 556, 565-66 (5th Cir. 2008), he argues that the district court failed to consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

After *United States v. Booker*, 543 U.S. 220 (2005), a sentence is reviewed for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 594 (5th Cir. 2007). This court "'first ensure[s] that the district court committed no significant procedural error' and 'then consider[s] the substantive reasonableness of the sentence imposed.'" *United States v. Herrera-Garduno*, 519 F.3d 526, 529 (5th Cir. 2008) (quoting *Gall*, 128 S. Ct. at 597).

"[A] district court need not recite each of the § 3553(a) factors and explain its applicability." *Herrera-Garduno*, 519 F.3d at 531; *accord United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). At sentencing, the district court stated that Soto-Martinez had an extensive criminal history and lacked respect for the law, Soto-Martinez was "a dangerous man" in light of his criminal history, and the sentence was necessary to deter Soto-Martinez from breaking the law in the future. Soto-Martinez's criminal history was one of the factors that the district court was permitted to consider in imposing an above-guidelines sentence. *See*

2

*Herrera-Garduno*, 519 F.3d at 531; *Smith*, 440 F.3d at 709. The district court's statements reflect consideration of the need to afford adequate deterrence from crime, the need to promote respect for the law, Soto-Martinez's nature and characteristics, and the need to protect the public from further crimes by Soto-Martinez. *See* § 3553(a). Soto-Martinez has not shown that the district court abused its discretion in sentencing him to 120 months of imprisonment. *See Herrera-Garduno*, 519 F.3d at 531; *Smith*, 440 F.3d at 709 (5th Cir. 2006). Soto-Martinez's citation to "one case in which a lower sentence was imposed clearly cannot establish an unwarranted disparity under [] § 3553(a)(6)." *United States v. Sanchez-Ramirez*, 497 F.3d 531, 536 n.4 (5th Cir. 2007).

AFFIRMED.