# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-30864
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CICERO LOMONT MYERS

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CR-102-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cicero Lomont Myers appeals his sentence following his guilty plea conviction for armed robbery of a post office in violation of 18 U.S.C. § 2114(a). At sentencing, the district court departed upwardly from Myers's calculated guidelines imprisonment range of 84 to 105 months in prison and imposed a 144-month sentence pursuant to U.S.S.G. 4A1.3(a)(1). Myers argues that the district court's sentence is both procedurally and substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007), this court must first determine whether the sentence imposed is procedurally sound. A procedural error occurs when the district court miscalculates or fails to calculate the proper guidelines range; treats the Guidelines as mandatory; imposes a sentence based on clearly erroneous facts; fails to consider the factors set forth in § 3553(a); or fails to adequately explain its chosen sentence or any deviation from the guidelines range. *Gall*, 128 S. Ct. at 597.

Myers argues that the district court did not provide adequate notice, as required by Rule 32(h) of the Federal Rules of Criminal Procedure, of its intent to upwardly depart based upon the seriousness of Myers's offense and his continued involvement in crime even after numerous episodes of imprisonment. Myers raises the notice issue for the first time on appeal and concedes that it is subject to plain error review. S*ee United States v. Lopez-Velasquez,* 526 F.3d 804, 806 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 625 (2008). This argument is without merit. In imposing the actual sentence, the district court specifically asserted that the sentence was an upward departure pursuant to § 4A1.3(a)(2) based on Myers's under-represented criminal history and the likelihood of recidivism. A review of the record reveals that the district court properly provided Myers with advanced notice of its intent to upwardly depart for this specific reason.

Myers also contends that the district court did not give adequate weight to his long history of drug abuse as an appropriate consideration under § 3553(a). At the sentencing hearing, the district court provided Myers an opportunity to argue that his substance abuse problem required leniency in determining an appropriate sentence. Thus, the district court's decision to

impose an upward departure despite knowledge of Myers's drug abuse problem constitutes an implicit rejection of the argument. *See United States v. Herrera-Garduno,* 519 F.3d 526, 530 (5th Cir. 2008).

Reasonableness review, in the context of a guidelines departure, requires this court to evaluate both the decision to upwardly depart and the extent of the departure for an abuse of discretion. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). An upward departure is not an abuse of discretion if the reasons for the departure advance the objectives of § 3553(a)(2) and are justified by the particular facts of the case. *Id.* In the instant case, in light of the under-representation of Myers's criminal history, the number and nature of his prior offenses, and the increasing seriousness of his offenses, the district court did not abuse its discretion in imposing an upward departure. *See id.* at 347-48.

Moreover, although the 144-month sentence imposed was 39 months higher than the advisory guidelines maximum of 105 months, after *Gall*, this court has affirmed much greater upward departures or non-guidelines sentences. *See*, *e.g.*, *Herrera-Garduno*, 519 F.3d at 530-32 (affirming as reasonable a 60-month sentence imposed where the advisory guidelines range was 21 to 27 months in prison); *Zuniga-Peralta*, 442 F.3d at 346-48 (upholding a departure of almost twice the top of the advisory guidelines range based on the defendant's extensive criminal history). Myers has not shown that the district court imposed a substantively unreasonable sentence. *See Gall*, 128 S. Ct. at 597. Accordingly, the judgment of the district court is AFFIRMED.