# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-51142
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOSE PRISCILIANO GRACIA-CANTU, also known as Jose Prisciliano Garcia-Cantu,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-292-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Prisciliano Gracia-Cantu appeals his sentence following his guilty plea conviction for illegal reentry into the United States. Gracia-Cantu was sentenced to 60 months in prison and 3 years of supervised release. This sentence was above the advisory guidelines range of 21-27 months in prison.

Gracia-Cantu contends that his sentence should be vacated as substantively unreasonable because it was greater than necessary to meet the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirements of 18 U.S.C. § 3553(a). He argues that the district court failed to give adequate consideration to his benign motives for returning to the United States and gave improper weight to his criminal history. After *United States v. Booker*, 543 U.S. 220 (2005), a sentence is reviewed for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). We must first determine whether the district court committed significant procedural error and "then consider the substantive reasonableness of the sentence imposed." *Gall*, 128 S. Ct. at 597.

"[A] district court need not recite each of the § 3553(a) factors and explain its applicability." *United States v. Herrera-Garduno*, 519 F.3d 526, 531 (5th Cir. 2008); *accord United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). At sentencing, the district court stated that Gracia-Cantu had a twenty-year history of physically assaulting his family members and the police who responded to the domestic assault complaints. The court also noted that Gracia-Cantu had returned to the United States despite three prior removals. The district court's statements reflect consideration of Gracia-Cantu's history and characteristics, the need for adequate deterrence, and the need to protect the public and Gracia-Cantu's family from further crimes. *See* 18 U.S.C. § 3553(a)(1), (2)(B), (C). Gracia-Cantu has not shown that the district court abused its discretion in sentencing him to 60 months in prison. *See Herrera-Garduno*, 519 F.3d at 530-31; *Smith*, 440 F.3d at 709. The judgment of the district court is AFFIRMED.