**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-51064
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN ALBERT CERDA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CR-230-2

Before DAVIS, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

John Albert Cerda appeals the 60-month sentence imposed by the district court following his guilty plea to possession with intent to distribute less than 50 grams of marijuana, in violation of 21 U.S.C. § 841. Cerda contends the district court erred by sentencing him above the applicable 30-37 month

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range because the court based the upward variance on factors already taken into account by the Sentencing Guidelines.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Our court conducts this reasonableness review in the light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). If, as in this instance, a defendant does not challenge the procedural correctness of the sentence, this court may proceed to an examination of the substantive reasonableness of the sentence, *see United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008), under the above-mentioned abuse-of-discretion standard. *See Gall*, 128 S. Ct. at 597. (Arguably, because Cerda did not contend in district court that the sentence imposed was unreasonable, a plain-error standard of review could be applied.)

The district court imposed a non-guidelines sentence above the applicable guidelines range. The selection of a non-guidelines sentence is within the discretion of the district court. *Id*. This court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance". *Id*. "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The district court determined the sentence imposed was reasonable based upon Cerda's extensive and violent criminal history, which includes: conduct not taken into account by the Guidelines; Cerda's drug addiction and gang membership; the nature and circumstances of the offense; the need to protect the public from future crimes Cerda might commit; and the need to reflect the seriousness of the offense. *See* § 3553(a)(1)–(2). The district court's upward variance from the guidelines maximum of 37 months to a sentence of 60 months was not unreasonable. *See Brantley*, 537 F.3d at 348-50 (variance from the guidelines maximum of 51 months to a sentence of 180 months deemed reasonable); *United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008) (affirming the reasonableness of a variance from the guidelines maximum of 27 months to a sentence of 60 months); *Smith*, 440 F.3d at 708-10 (same).

AFFIRMED.