**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-51172
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE JARAMILLO-AVELINO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-318-ALL

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jorge Jaramillo-Avelino (Jaramillo) pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. The district court sentenced Jaramillo to 60 months in prison and three years of supervised release. The 60-month sentence was above the Guidelines range of 21 to 27 months of imprisonment. Jaramillo contends that his sentence is substantively unreasonable because it was greater than necessary to meet the requirements of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Because Jaramillo does not challenge the procedural correctness of his sentence, this court may proceed to an examination of the substantive reasonableness of the sentence, *see United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008), under an abuse-of-discretion standard, *see Gall v. United States*, 128 S. Ct. 586, 596-97 (2007).

Jaramillo concedes that the district court properly determined that an upward departure was warranted. But he argues that the district court erred in upwardly departing more than was necessary under § 3553(a). The district court's decision to upwardly depart was based on the factors set forth in § 3553(a), including Jaramillo's history and characteristics, the need to promote respect for the law, the need for adequate deterrence, and the need to protect the public from future crimes by Jaramillo. The district court stressed Jaramillo's persistent disregard of immigration laws and attempts to conceal his identity, noting that although Jaramillo is only 26 years old, he has used over fifteen aliases and four birth dates, has been officially removed from the United States on six prior occasions, and has been convicted three times of illegal entry, with the most recent conviction resulting in a 24-month prison sentence. The district court also relied, in part, on Jaramillo's drug and alcohol abuse, and his arrest and imprisonment for burglary of a building. Because the upward departure advanced the objectives in § 3553(a) and is justified by the facts of the case, the district court did not abuse its discretion.

Finally, the district court's upward variance from the guidelines maximum of 27 months to a sentence of 60 months was not unreasonable. The sentence is less than the statutorily authorized sentence of 120 months of imprisonment. *See* 8 U.S.C. § 1326(b)(1). Moreover, the extent of the variance is consistent with other sentences that this court has upheld. *See Brantley*, 537 F.3d at 348-50

(variance from the guidelines maximum of 51 months to a sentence of 180 months); *United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008) (variance from guidelines maximum of 27 months to a sentence of 60 months); *United States v. Smith*, 440 F.3d 704, 709-10 (5th Cir. 2006) (same).

Accordingly, the judgment of the district court is AFFIRMED.