IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-40327

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RENE HERRERA-GARDUNO

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Rene Herrera-Garduno (Herrera) argues his non-Guidelines sentence is an unreasonable upward departure from the advisory Guidelines range. We conclude that the sentence is not unreasonable and AFFIRM.

I.

Herrera pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b). In the Presentence Report (PSR), which applied the 2006 edition of the Guidelines Manual, the probation officer scored Herrera at a base offense level of 8. He then increased the offense level by 16 points pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), which authorizes a 16-point enhancement if the defendant has been convicted of a prior "drug trafficking

offense" for which the sentence imposed exceeded 13 months.[1] The PSR stated that the basis for this enhancement was Herrera's prior convictions under Texas Health & Safety Code § 481.112(a).[2] After a three-level reduction for acceptance of responsibility, the PSR assigned a total offense level of 21. With a criminal history category of V, Herrera's recommended Guidelines sentencing range was 70 to 87 months of imprisonment.

Herrera objected to the PSR's classification of his prior convictions as drug trafficking offenses. He argued that the PSR's classification was improper as Texas Health & Safety Code § 481.112(a) encompasses activity that does not fall within § 2L1.2's definition of "drug trafficking offense." The district court sustained Herrera's objection to the application of the 16-point enhancement.[3] Herrera's revised Guidelines sentencing range was 21 to 27 months of imprisonment.

In response to this change in Herrera's Guidelines sentencing range, the government requested an upward departure from the Guidelines sentencing range. The government argued that a sentence within the Guidelines sentencing range would not satisfy the ends of 18 U.S.C. § 3553, which lists the factors to

---

[1] "'Drug trafficking offense' means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1(B)(iv).

[2] Section 481.112(a) provides that "a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance . . . ."

[3] We recently noted that a conviction for "possession with intent to deliver" under § 481.112(a) qualifies as a "controlled substance offense" that can serve as a basis for a sentence enhancement pursuant to U.S.S.G. § 2K2.1(a)(4)(A). United States v. Ford, 509 F.3d 714, 715 (5th Cir. 2007). "Controlled substance offense" is defined by U.S.S.G. § 4B1.2(b). U.S.S.G. § 2K2.1 cmt. n.1. The definition of "controlled substance offense" provided by § 4B1.2(b) is "almost identical" to the definition of "drug trafficking offense" provided by U.S.S.G. § 2L1.2 cmt. n.1(B)(iv). Ford, 509 F.3d at 717 n.2. A prior conviction for "possession with intent to deliver" under § 481.112(a) therefore would be an appropriate basis for a 16-point enhancement pursuant to § 2L1.2(b)(1)(A)(i).

be considered in imposing a sentence.[4]  The district court agreed and sentenced Herrera to 60 months of imprisonment.   Herrera objected to the upward departure at sentencing, but the district court overruled his objection.  He now appeals.

## II.

Herrera argues that the sentence is unreasonable because, first, the district court imposed the non-Guidelines sentence primarily because it disagreed with how "drug trafficking offenses" are defined under § 2L1.2, and that such a "disagreement" is not a sufficient reason to impose a non-Guidelines sentence.  He further argues that the other reasons given by the district court are "generalized observations" insufficient to justify the extent of the upward departure.  And, finally, he argues that even if his prior convictions warranted an upward departure from the Guidelines range, the facts of his case are not so compelling as to justify the sentence imposed.

## III.

We review whether a sentence is reasonable under an abuse-of-discretion standard.  Gall v. United States, 128 S.Ct. 586, 597 (2007).  In performing this review, we "first ensure that the district court committed no significant

---

[4]  Section 3553(a) lists seven factors that a sentencing court must consider.  The first factor is "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  The second factor is "the need for the sentence . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  § 3553(a)(2).

The third factor is "the kinds of sentences available," § 3553(a)(3); the fourth is the Guidelines; the fifth is "any relevant policy statement" issued by the Sentencing Commission; the sixth is "the need to avoid unwarranted sentence disparities," § 3553(a)(6); and the seventh is "the need to provide restitution to any victim," § 3553(a)(7).

procedural error" and "then consider the substantive reasonableness of the sentence imposed . . . ." Id.

## A.

As an initial matter, we note that the district court committed no significant procedural error. The district court correctly calculated the Guidelines range, treated the Guidelines as advisory, considered the § 3553(a) factors, allowed both parties to present arguments as to what they believed the appropriate sentence should be, did not base Herrera's sentence on clearly erroneous facts, and thoroughly documented its reasoning. See id. at 597-98 (providing procedural considerations).

## B.

We now turn to review the substantive reasonableness of the sentence imposed. In reviewing a challenge to the length of a non-Guidelines sentence, we may "take the degree of variance into account and consider the extent of a deviation from the Guidelines." Id. at 595. But in applying abuse-of-discretion review, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. at 597. Moreover, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id.

After considering the Guidelines range (21 to 27 months), the district court considered the other § 3553(a) factors. The district court noted, inter alia, that an upward departure was warranted as Herrera's "prior crimes were not used to properly enhance his offense level." The district court agreed that the PSR's classification of Herrera's prior convictions was improper as Texas Health & Safety Code § 481.112(a) encompasses activity that does not fall within § 2L1.2's definition of "drug trafficking offense." But the district court, based on the presented and uncontroverted facts, concluded that an upward departure was

warranted as the Guidelines sentencing range did not reflect the seriousness of Herrera's prior convictions.[5] Referencing Herrera's prior convictions, the district court specifically noted that Herrera had in his possession over 400 grams of heroin and $2,500 in cash, which according to the district court indicated that Herrera was in fact trafficking heroin.

Herrera argues that the district court imposed the non-Guidelines sentence primarily because it disagreed with how "drug trafficking offenses" are defined under § 2L1.2. He further argues that such a "disagreement" is not a sufficient reason to impose a non-Guidelines sentence.

We note, first, that Herrera's argument that a disagreement with the Guidelines is not a sufficient reason to impose a non-Guidelines sentence has lost most of its force in the light of recent Supreme Court pronouncements. In Kimbrough v. United States, the Court noted that "as a general matter, 'courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines.'" 128 S.Ct. 558, 570 (2007) (alteration in original) (citing Rita v. United States, 127 S.Ct. 2456, 2465 (2007), for the proposition that a district court may consider arguments that "the Guidelines sentence itself fails properly to reflect § 3553(a) considerations").

Second, we have previously held that "[a] defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline[s] sentence." United States v. Smith, 440 F.3d 704, 709 (5th Cir. 2006). See U.S.S.G. § 1B1.4 (noting that "[i]n determining . . . whether a departure from the guidelines is warranted, the court may consider, without limitation, any

---

[5] In the written statement of reasons for the sentence imposed, the district court noted that it had imposed the non-Guidelines sentence for the following reasons: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, pursuant to § 3553(a)(1); (2) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, pursuant to § 3553(a)(2)(A); and (3) to afford adequate deterrence to criminal conduct, pursuant to § 3553(a)(2)(B).

information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law"). And we have also upheld an upward departure without regard to whether the prior offense "technically" qualified as a crime of violence under § 2L1.2(b)(1)(A)(ii). United States v. Tzep-Mejia, 461 F.3d 522, 526-28 (5th Cir. 2006). Moreover, in a recent case, United States v. Lopez-Salas, we noted that, even though the defendant's prior conviction was not a "drug trafficking offense" under § 2L1.2(b)(1)(A)(i), if, on remand, the district court chose to impose a non-Guidelines sentence, the district court could consider the defendant's prior conviction for this purpose. 513 F.3d 174, 180-81 (5th Cir. 2008). In the light of these precedents, it is clear that the district court did not abuse its discretion by considering the facts of Herrera's prior convictions as a basis for his non-Guidelines sentence.

Herrera also argues that the other reasons given by the district court for the non-Guidelines sentence are "generalized observations" insufficient to justify the extent of the upward departure. Because we have rejected Herrera's argument regarding the district court's "disagreement" with how "drug trafficking offenses" are defined under § 2L1.2, this argument regarding the district court's "generalized observations" lacks weight. Even if we concluded that the other reasons given by the district court are too general to justify the extent of the upward departure, we would still hold, for reasons indicated below, that the district court did not abuse its discretion by upwardly departing from the Guidelines range.

Moreover, we should note that a district court need not recite each of the § 3553(a) factors and explain its applicability. See Smith, 440 F.3d at 707. Here, because the district court relied primarily on the facts of Herrera's prior conviction, and because the court addressed these facts and their relation to the § 3553(a) factors in some detail, we are satisfied that the district court's statement of reasons provides an adequate basis for our review. See Gall, 128

6

S.Ct. at 597 (noting that a district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing").

We now turn to address Herrera's argument that even if his prior convictions warranted an upward departure from the Guidelines range, the facts of his case are not so compelling as to justify the sentence imposed.

As said above, the district court sentenced Herrera to 60 months of imprisonment, even though the Guidelines sentencing range was 21 to 27 months of imprisonment. This upward departure is substantial, but the departure is commensurate with the individualized, case-specific reasons provided by the district court. The district court concluded that the Guidelines range did not adequately account for the fact that Herrera had in fact been convicted for drug trafficking conduct. Had the sentencing enhancement under § 2L1.2 for drug trafficking offenses been applied, the Guidelines sentencing range would have been 70 to 87 months of imprisonment. Using this range as a reference, Herrera's sentence of 60 months of imprisonment is not unreasonable and the district court did not abuse its discretion by imposing this sentence.

To be sure, this court has upheld sentences reflecting similar and proportionately larger deviations from the advisory Guidelines. See Smith, 440 F.3d 704, 705-06 (5th Cir. 2006) (upholding sentence of 60 months where maximum sentence under Guidelines range was 27 months); United States v. Jones, 444 F.3d 430, 433 (5th Cir. 2006) (upholding sentence of 120 months where maximum sentence under Guidelines range was 57 months); United States v. Smith, 417 F.3d 483, 492 (5th Cir. 2005) (upholding sentence of 120 months where maximum sentence under Guidelines range was 41 months); United States v. Daughenbaugh, 49 F.3d 171, 174-75 (5th Cir. 1995) (upholding sentence of 240 months where maximum sentence under Guidelines range was

71 months); United States v. Rosogie, 21 F.3d 632, 633-34 (5th Cir. 1994) (upholding sentence of 150 months where maximum under Guidelines range was 37 months).

And, finally, the factors considered by the district court in setting Herrera's sentence are all relevant, proper factors: the nature and circumstances of the offense and the history and characteristics of the defendant, the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. We see no other factors that required significant weight and find no errors of judgment in the district court's balancing of the sentencing factors.[6]

We therefore conclude that Herrera's sentence is not unreasonable and that the district court did not abuse its discretion in sentencing Herrera to 60 months of imprisonment.

IV.

For the foregoing reasons, we AFFIRM.

---

[6] Herrera argues that his sentence is unreasonable because the district court failed appropriately to consider the sentencing disparity created by the sentence imposed. But this argument is without merit. See Gall, 128 S.Ct. at 599 ("Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.").