# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 06-41583
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LESLIE CHEREE LEACH

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CR-15-ALL

Before JOLLY, CLEMENT, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Leslie Cheree Leach appeals the sentence imposed following her guilty plea conviction of possession with intent to distribute cocaine base (crack cocaine). The district court sentenced Leach to 140 months of imprisonment, which was the minimum sentence under the advisory guidelines range. Four days after Leach's sentencing, the United States Sentencing Commission amended the Sentencing Guidelines, lowering the base offense levels for offenses involving crack cocaine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After briefing was completed in this case, Leach moved to dismiss appointed counsel and proceed pro se on appeal. Leach's assertion of her right to self-representation is untimely. See United States v. Wagner, 158 F.3d 901, 902-03 (5th Cir. 1998). Leach's motion to dismiss counsel and proceed pro se is DENIED.

Leach argues for the first time on appeal that her sentence should be vacated and the case should be remanded for resentencing in light of the amendments to the Sentencing Guidelines. Because Leach did not ask the sentencing court to consider the pending amendments to the Sentencing Guidelines, the issue is reviewed for plain error. See United States v. Hernandez-Martinez, 485 F.3d 270, 272 (5th Cir.), cert. denied, 128 S. Ct. 325 (2007). The district court imposed the sentence pursuant to an advisory guidelines range that was properly calculated based on the Guidelines that were in effect at the time Leach was sentenced. United States v. Rodarte-Vasquez, 488 F.3d 316, 322 (5th Cir. 2007) (quoting United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999)); see U.S.S.G. § 1B1.11 (a), (b)(1). Accordingly, the district court did not err by failing to consider the effect of the then-pending amendments to the Sentencing Guidelines. Our review does not preclude future consideration of this issue in a motion pursuant to 18 U.S.C. § 3582. See United States v. Fields, 72 F.3d 1200, 1215 (5th Cir. 1996).

Leach also argues for the first time on appeal that her sentence is substantively unreasonable because it is greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a) and because the district court imposed the sentence without engaging in a significant and meaningful analysis of the mitigation evidence she presented. Leach's argument is unavailing. The district court's sentence is within a properly calculated advisory guidelines range and is, therefore, presumptively reasonable. See United States v. Gall, 128 S. Ct. 586, 597 (2007). A sentencing is not required to address every § 3553(a) factor

specifically and analyze its application to the defendant's sentence. United States v. Herrera-Garduno, 519 F.3d 526, 531 (5th Cir. 2008).

The district court heard counsel's arguments in support of a sentence below that recommended by the guidelines, which included a discussion of her family support and her physically abusive marriage. Thereafter, the district court gave a thorough explanation for its decision to impose a sentence within the advisory guidelines range. The transcript shows that the district court adequately considered all of the § 3553(a) factors. Accordingly, Leach has not shown that the sentence imposed was substantively unreasonable. See id.

AFFIRMED.