# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-40894
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EVARISTO ROMERO-ALVAREZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-529-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Evaristo Romero-Alvarez appeals his sentence following his guilty plea conviction for being unlawfully present in the United States after having been previously removed. Citing the Supreme Court's decisions in Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), Romero-Alvarez contends that his sentence was unreasonable. "We review whether a sentence is reasonable under an

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abuse-of-discretion standard." United States v. Herrera-Garduno, 519 F.3d 526, 529 (5th Cir. 2008). "In performing this review, we 'first ensure that the district court committed no significant procedural error' and 'then consider the substantive reasonableness of the sentence imposed." Id. (quoting Gall, 128 S. Ct. at 597).

Romero-Alvarez argues that the binding precedent of this court at the time of his sentencing prohibited the district court from disagreeing with a guidelines provision, such that the district court was not able to freely consider his argument that a 16-level crime of violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) was unwarranted in light of his personal history and circumstances. Romero-Alvarez also argues that the district court's deference to § 2L1.2 is problematic because § 2L1.2 lacks support from empirical research and was not derived from the usual process employed by the Sentencing Commission in formulating the Guidelines. These arguments are reviewed for plain error because Romero-Alvarez did not raise them before the district court. See United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir. 2008).

There is no indication in the record that the district court disagreed with the application of § 2L1.2 based on its consideration of the factors under 18 U.S.C. § 3553(a), as a matter of policy, or any other reason. At no time did the district court indicate that it would have been inclined not to impose the 16-level enhancement because of Romero-Alvarez's individual circumstances but believed it lacked the authority to do so. Furthermore, this court's precedent "did not preclude the district court from deviating from the guidelines range based on a conclusion that the 16-level enhancement resulted in an excessive sentence" in light of Romero-Alvarez's arguments for a downward departure or variance. Campos-Maldonado, 531 F.3d at 339. Romero-Alvarez has not shown reversible plain error. See id.

Romero-Alvarez also argues that the district court erred by requiring "extraordinary circumstances" before it would impose a sentence outside of the

guidelines range.  Relying on Gall, 128 S. Ct. 586, Romero-Alvarez argues that, by requiring a showing of extraordinary circumstances, the district court erroneously treated the Guidelines as mandatory.  The district court's comments prior to sentencing Romero-Alvarez reflect that it considered his individual circumstances, and there is no indication that the district court required a showing of extraordinary circumstances before it would impose a sentence outside of the guidelines range.

AFFIRMED.