**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-50967
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MODESTO HERNANDEZ-TARANGO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1146-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Modesto Hernandez-Tarango appeals his sentence following his guilty plea conviction for illegal reentry into the United States. Hernandez-Tarango was sentenced to 40 months of imprisonment and three years of nonreporting supervised release. This sentence was above his advisory guidelines range of 21 to 27 months of imprisonment. Hernandez-Tarango contends that his sentence should be vacated as substantively unreasonable because it was greater than necessary to meet the requirements of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After *United States v. Booker*, 543 U.S. 220 (2005), a sentence is reviewed for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). This court "'first ensure[s] that the district court committed no significant procedural error' and 'then consider[s] the substantive reasonableness of the sentence imposed.'" *United States v. Herrera-Garduno*, 519 F.3d 526, 529 (5th Cir. 2008) (quoting *Gall*, 128 S. Ct. at 597). Hernandez-Tarango argues that the district court failed to recognize that the punishment required by § 3553(a) relates to his instant offense rather than the sentences he had received on prior convictions. Hernandez-Tarango also contends that the seriousness of his instant offense is lessened because his motive in committing the offense was visiting his granddaughter and that his sentence was greater than necessary in light of his personal history and characteristics.

The district court indicated that Hernandez-Tarango had not responded to "breaks" he received from courts in the past with respect to six prior convictions for driving while intoxicated, had not responded to admonishments about his drinking, and posed a danger to the community such that the district court needed to protect the community from him. The district court indicated that it sought to discourage Hernandez-Tarango from returning to the United States. Hernandez-Tarango's criminal history was one of the factors that the district court was permitted to consider in imposing its sentence. *See Herrera-Garduno*, 519 F.3d at 531. In addition, the district court's statements reflect an individualized assessment that took into account the history and characteristics of Hernandez-Tarango, the need to promote respect for the law, the need for deterrence, and the need to protect the community from further crimes by Hernandez-Tarango. *See* § 3553(a). Hernandez-Tarango has not shown that the district court abused its discretion in sentencing him to 40 months of imprisonment.

AFFIRMED.