**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-40839

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RICHARD GONZALEZ

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CR-87-3

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Richard Gonzalez appeals his conviction for conspiracy to possess with intent to distribute fifty grams or more of actual methamphetamine. Gonzalez contends that there was insufficient evidence to support his conviction, that venue was not properly established in the Eastern District of Texas, that a potential juror was erroneously excused for cause, that his base offense level was improperly increased based on the district court's finding that he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

responsible for the sale of seven pounds of methamphetamine, and that his sentence was unreasonable. For the reasons set forth below, we AFFIRM.

In August 2006, Brandi Johnson was arrested for possession of methamphetamine. She claimed to have purchased the drugs from a tattoo and smoke parlor Gonzalez owned in Houston. Johnson agreed to serve as a confidential informant. She began working with officials from the Drug Enforcement Administration to target her suppliers.

The evidence against Gonzalez at trial consisted of Johnson's testimony and corroborating testimony from his co-defendant, Cesar Duran. Johnson testified that she began purchasing methamphetamine at Gonzalez's business in April 2006. The sellers there were Gonzalez, his two co-defendants, Duran and Milton Adam Lirette, and David Ashlock. She explained that two or three times per week she would travel from Beaumont to Gonzalez's shop in Houston to purchase methamphetamine. Upon her arrival, Ashlock would call Duran, who would then arrive with as much as four ounces of methamphetamine. She claimed that Gonzalez was present at these sales and provided scales, baggies, and cans with hidden compartments with which to transport the drugs back to Beaumont for resale. Gonzalez also taught her to dilute the methamphetamine with other substances to increase her profits on resale.

After agreeing to act as a confidential informant, Johnson helped law enforcement officials obtain a recording of a September 19, 2006 sale by Gonzalez of methamphetamine.[1] On September 11, Johnson recorded a phone conversation with Gonzalez setting up the sale. According to the taped conversation, the sale occurred on September 19 at Gonzalez's Houston shop. Upon her arrival, Johnson waited with Gonzalez for the later arriving Duran and Lirette. Lirette waited in the car while Duran handed Gonzalez the

---

[1] Prior to and after this sale, Johnson purchased methamphetamine from co-defendants Duran and Lirette multiple times at various locations.

methamphetamine. Gonzalez weighed it and gave 31.5 grams of actual methamphetamine (52.5 grams at 60% purity) to Johnson. Law enforcement officials confiscated the drugs after the sale.

Gonzalez argues that this evidence was insufficient to support his conspiracy conviction. "In a conspiracy prosecution under 21 U.S.C. § 846, the government must prove beyond a reasonable doubt (1) the existence of an agreement between two or more persons to violate the narcotics laws, and that (2) each conspirator knew of the conspiracy, (3) intended to join it, and (4) did participate in the conspiracy." *United States v. Espinoza-Seanez*, 862 F.2d 526, 536 (5th Cir. 1988). Gonzalez contests the sufficiency of the evidence with respect to each of these elements. He maintains that the evidence established merely an association among himself, Johnson, and his co-defendants, not an agreement to violate the law. He further asserts that he did not share a common purpose with these individuals, that he did not knowingly participate, and that his conduct and that of his alleged co-conspirators was not interdependent.

Upon a challenge to the sufficiency of the evidence supporting a conviction, "we view the evidence and the inferences drawn therefrom in the light most favorable to the verdict, and we determine whether a rational jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc).

The evidence supporting the conviction included Gonzalez's presence during a number of drug transactions involving Johnson and Gonzalez's co-defendants. Johnson's testimony made Gonzalez an active participant in the transactions. Gonzalez was said to have provided scales, baggies, and hidden-

compartment containers for the transportation and distribution of the drugs. Gonzalez explained how to "cut" the methamphetamine for more profitable resale. This evidence supports Gonzalez's knowledge of the conspiracy and its objectives and shows his willing participation in the operation.

Additional evidence comes from the frequency and similarity of the transactions. Those facts suggest an agreement between the parties to violate the narcotics laws. Finally, the recorded transaction between Johnson and Gonzalez is direct evidence of Gonzalez's knowing and voluntary participation in the conspiracy. There was sufficient evidence for a rational jury to find Gonzalez guilty beyond a reasonable doubt.

Gonzalez also challenges the sufficiency of the evidence establishing venue in the Eastern District of Texas. He alleges that no overt act in furtherance of the conspiracy occurred within the Eastern District. By statute, though, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Venue may be proven by "a preponderance of the evidence showing the commission of any single act that was part of the beginning, continuation, or completion of the crime." *United States v. Solis*, 299 F.3d 420, 445 (5th Cir. 2002) (internal quotation marks and citation omitted).

Here, Johnson testified that she sold the methamphetamine she purchased from Gonzalez and his co-conspirators in Beaumont, which is in the Eastern District of Texas. The jury was also charged on venue and found by a preponderance of the evidence that an overt act in furtherance of the conspiracy was performed in the Eastern District. Accordingly, the Eastern District of Texas was a proper venue for the prosecution of this case.

Gonzalez next maintains that the district court deprived him of his right to a fair trial by an impartial jury when it excused a potential juror for cause,

despite the fact that the juror had stated that she was "99.999 percent sure" she could be impartial. Gonzalez does not, however, challenge the impartiality of the panel that actually decided his case. "[I]mproper removal of a member of the venire is not grounds for reversal in a non-capital case unless the jurors who actually sat were not impartial within the meaning of the [S]ixth [A]mendment." *United States v. Gonzalez-Balderas*, 11 F.3d 1218, 1222 (5th Cir. 1994).

Finally, Gonzalez attacks the propriety of his sentence on two grounds. First, he challenges the district court's increase in his offense level from thirty-two to thirty-six based on its finding that he was responsible for the sale of seven pounds of methamphetamine. Second, he challenges the overall reasonableness of his sentence, arguing that his sentence of 188 months is longer than necessary to serve the goals of 18 U.S.C. § 3553(a). "We review whether a sentence is reasonable under an abuse-of-discretion standard. In performing this review, we 'first ensure that the district court committed no significant procedural error' and 'then consider the substantive reasonableness of the sentence imposed.'" *United States v. Herrera-Garduno*, 519 F.3d 526, 529 (5th Cir. 2008) (quoting *Gall v. United States*, 128 S. Ct. 586, 597 (2007)).

The district court's conclusion regarding the quantity of drugs for which Gonzalez was responsible is a factual finding that must be established by a preponderance of the evidence. *United States v. Jimenez*, 509 F.3d 682, 693 (5th Cir. 2007). We review such factual determinations for clear error. *Id.* "A factual finding is not clearly erroneous as long as it is plausible in light of the record read as a whole." *United States v. Sanders*, 942 F.2d 894, 897 (5th Cir. 1991).

Gonzalez's responsibility for seven pounds of methamphetamine is plausible on this record. While he only personally delivered 31.5 grams of actual methamphetamine to Johnson in the September 19 sale, Johnson testified, and a co-defendant corroborated, that for months she traveled to Gonzalez's shop two to three times per week to buy two to four ounces of methamphetamine each

5

time. Considering this evidence, the district court did not clearly err in finding Gonzalez responsible for seven pounds of methamphetamine.

Gonzalez also challenges the district court's determination of the quantity of drugs for which he was responsible. He argues that the court violated his Sixth Amendment rights by increasing his sentence beyond the prescribed statutory maximum based on facts not admitted or found by a jury. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). However, the jury specifically found beyond a reasonable doubt that Gonzalez was responsible for fifty grams or more of actual methamphetamine. Life in prison was the prescribed statutory maximum based on those facts as found by the jury. 21 U.S.C. § 841(b)(1)(A)(viii). Gonzalez's sentence certainly did not exceed that maximum.

Gonzalez's sentence of 188 months was also reasonable under 18 U.S.C. § 3553(a). The district court considered Gonzalez's motion for a variance and provided reasons the sentence was reasonable, including Gonzalez's significant participation in the conspiracy and his prior convictions. Accordingly, the district court did not abuse its discretion in sentencing Gonzalez to 188 months.

AFFIRMED.