**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2009

Charles R. Fulbruge III
Clerk

No. 09-50002
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO SALVADOR PONCE-PONCE, also known as Javier Dominguez-Aguilar,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2210-ALL

Before WIENER, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alberto Salvador Ponce-Ponce (Ponce) appeals the 60-month sentence imposed by the district court after he pleaded guilty to illegal reentry pursuant to 8 U.S.C. § 1326(a). He argues that the sentence is procedurally unreasonable because it is based, in part, on clearly erroneous facts and that the sentence is greater than necessary to satisfy the sentencing goals outlined in 18 U.S.C. § 3553(a).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In its written Statement of Reasons (SOR), the district court explained the reasons for imposing the sentence by stating that the "[d]efendant has committed over twenty burglaries and has not been amenable to received mental health treatment to deal with his impulsivity." Ponce argues that this statement is evidence that the district court was under the mistaken impression that he had refused to take medication to treat his bipolar disorder and that the district court considered this clearly erroneous fact when balancing the § 3553(a) factors. Ponce has not demonstrated that the district court committed procedural error by relying on clearly erroneous facts. *See Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007); *United States v. Herrera-Garduno*, 519 F.3d 526, 530 (5th Cir. 2008).

Nothing in the record indicates that the district court was under the impression that Ponce had ever refused offered treatment or medication. On the contrary, the record is clear that the district court imposed a sentence based on Ponce's extensive criminal history, which included at least eleven prior convictions for burglary of a building and one prior conviction for illegal reentry; the need for rehabilitation; the need to protect the public; and the need to provide Ponce with appropriate and continued mental health and medical treatment.

Ponce argues that although it was proper for the district court to consider his criminal history and the need for deterrence, the court focused too heavily on these factors and did not meaningfully consider other mitigating circumstances such as his mental and physical health issues and his motives for illegally reentering the United States. Our review of the record reveals that the district court fully considered all of these issues and addressed Ponce's concerns by recommending mental health and medical treatment during imprisonment.

As we have previously explained, "the sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly under § 3553(a)."

2

*United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008) (internal quotation marks and citation omitted). Therefore, the district court did not err in considering Ponce's substantial criminal history or the need to deter Ponce from future criminal conduct.

Ponce has not shown that his sentence is substantively unreasonable. It was not an abuse of discretion for the district court to conclude, considering Ponce's criminal history and the § 3553(a) factors of deterrence, respect for the law, and protection of the public, that a 60-month sentence was necessary to achieve those sentencing goals. *See id.* at 806-08. Accordingly, the judgment of the district court is AFFIRMED.