# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 20, 2010

No. 09-10688
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELI PALACIOS PENA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-19-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Eli Palacios Pena (Palacios) appeals the 60-month statutory maximum sentence he received after he pleaded guilty to possession of stolen mail, in violation of 18 U.S.C. § 1708. The district court stated its sentence was both an upward departure from the guidelines range of imprisonment based on U.S.S.G. §§ 2B1.1, comment. (n.19(a)(4)), 4A1.3(a)(1), and 5K2.0(a)(3), and a variance outside the guideline range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Palacios argues that, even if some upward departure from the calculated guidelines range was warranted, the sentence was ultimately unreasonable because of the extent of the departure. Reasonableness review, in the context of a guidelines departure, requires us to evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted). "An upward departure by a district court is not an abuse of discretion if the court's reasons for departing 1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and 2) are justified by the facts of the case." *Id.* (internal quotation marks and citation omitted).

The district court's decision to depart upwardly under § 4A1.3 was not an abuse of discretion. Palacios's criminal record shows that he is a repeat offender. Further, the district court's stated reason for the departure-concern with Palacios's recidivism-advances the objectives set forth in  § 3553(a). *See Zuniga-Peralta*, 442 F.3d at 347; § 3553(a)(2). Likewise, the facts of the case justified the departure. *See Zuniga-Peralta*, 442 F.3d at 347. Palacios did not receive as many criminal history points as he could have. He received no points for the burglary that he committed when he was a juvenile, but he concedes that he would have received three points for that had it been counted. He received a single point for theft of stolen property and for interference with public duties, each of which could have resulted in two points had he been sentenced to the maximum sentence of one year in prison. *See* TEX. PENAL CODE §§ 12:21, 31:03(e)(3), 38:15(b); U.S.S.G. § 4A1.1(b). The Presentence Report evinced a substantial risk that Palacios would continue to commit crimes insofar as he was already facing theft charges for two other incidents. *See* § 4A1.3(a)(2)(D). Palacios had prior similar adult criminal conduct that did not result in convictions. *See* § 4A1.3(a)(2)(E). Finally, Palacios had committed four offenses in just over two years, when he was only between 18 and 21 years old. *See*

2

§ 4A1.3, comment. (backg'd). Thus, as Palacios concedes, an upward departure to a Category VI was warranted.

Nor did the district court abuse its discretion when it departed upwardly another seven levels because of the substantial risk of loss involved and the repeated victimization, given that Palacios stole mail on seven occasions, thereby increasing the risk of loss to his victims. *See* §§ 2B1.1, comment. (n.19); 5K2.0(a)(3). That actual loss was not determined in this case does not preclude a finding that there was a substantial risk of loss. *See United States v. John*, 597 F.3d 263, 278-81 (5th Cir. 2010) (upholding increase in defendant's offense level based on intended loss). Further, the district court's reasons for departing under these Guidelines advanced the § 3553(a)(2) factors and the departure was justified by the facts of the case. *See Zuniga-Peralta*, 442 F.3d at 347; § 3553(a)(2).

Insofar as the district court did not abuse its discretion in deciding to depart, the issue becomes whether the district court abused its discretion in the extent of the departure. *See United States v. Rajwani*, 476 F.3d 243, 250 (5th Cir. 2007). "A district court abuses its discretion where the degree of the departure or the sentence as a whole is unreasonable." *Id.* (citation omitted).

Palacios's reliance on *Rajwani* is misplaced because his sentence "as a whole" is distinguishable. *Rajwani*, 476 F.3d at 250. The defendant's criminal history was not at issue in *Rajwani*. Moreover, as set forth above, the aggravating circumstances in *Rajwani* were already accounted for in the Guidelines that governed the defendant's offense. The Guidelines applicable to Palacios's offense did not provide an enhancement for the repetitive nature of Palacios's conduct--seven thefts in one month. Although the Guidelines did provide an enhancement based on the number of victims, there was no provision for the increased risk of financial loss created by repeated thefts. Given the aggravating circumstances of Palacios's offense, the degree of the departure and the sentence as a whole is reasonable. *See Rajwani*, 476 F.3d at 250; *United*

3

*States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008) (affirming upward departure from guidelines range of 21 to 27 months to 60 months when underlying circumstances rendered sentence reasonable).

AFFIRMED.