# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 22, 2010

Lyle W. Cayce
Clerk

No. 09-20700
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LEONEL GONZALEZ-MENDOZA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-cr-191-5

Before KING, BENAVIDES, and ELROD, Circuit Judges:

PER CURIAM:[*]

Leonel Gonzalez-Mendoza appeals his 37-month sentence, following his guilty-plea conviction for conspiracy to transport and harbor undocumented aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(iii), (a)(1)(B)(i), and (a)(1)(A)(v)(I). He argues, as he did in the district court, that the district court erred when it increased his offense level by six levels pursuant to U.S.S.G. § 2L1.1(b)(2)(B) based on its finding that he was accountable for transporting or harboring at least 25, but not more than 99,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

illegal aliens in the United States, and when it increased his offense level by four levels pursuant to § 2L1.1(b)(5)(B) based on its finding that his codefendants brandished a firearm during the offense.

After *Booker*, this court reviews a sentence for reasonableness under an abuse-of-discretion standard. *United States v. Herrera-Garduno*, 519 F.3d 526, 529 (5th Cir. 2008). "In performing this review, we 'first ensure that the district court committed no significant procedural error' and 'then consider the substantive reasonableness of the sentence imposed." *Id.* (quoting *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). The district court's application of the Sentencing Guidelines is reviewed *de novo*, while its factual findings are reviewed for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In the instant case, the Presentence Report (PSR) indicated that (1) 22 illegal aliens were present at the stash house, including Gonzalez-Mendoza and his four co-defendants; (2) Gonzalez-Mendoza participated in the conspiracy for at least ten days; (3) "at least one to two loads [of aliens]" comprised of two to ten aliens each arrived at the stash house every week; (4) three firearms were seized from the stash house during the security sweep; and (5) several of the smuggled aliens saw firearms in the smugglers' possession.

Gonzalez-Mendoza's objections to the PSR with respect to the enhancements were insufficient to rebut the information it contained. *See United States v. Lowder*, 148 F.3d 548, 552 (5th Cir. 1998); *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995). In light of the PSR, the trial court did not clearly err in finding that he harbored or transported at least 25, but fewer than 99, illegal aliens as it was plausible that three loads of ten aliens had arrived during the ten days that Gonzalez-Mendoza admittedly participated in the conspiracy. In addition, the information contained in the PSR establishes that Gonzalez-Mendoza's codefendants brandished a firearm—relevant conduct

No. 09-20700

for which he is held responsible. *See Cisneros-Gutierrez*, 517 F.3d at 764; *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010); U.S.S.G. § 1B1.3(a)(1)(B).

AFFIRMED.