# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 5, 2012

Lyle W. Cayce
Clerk

No. 11-20298
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE EMILIO RODRIGUEZ VILLALOBOS, also known as Jose Villalobos Rodriguez, also known as Jose Emilio Villalobos-Rodriguez, also known as Jose V. Rodriguez, also known as Jose Emilio Rodriguez-Villalobos, also known as Jose Emilio Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-6-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Emilio Rodriguez Villalobos (Rodriguez) appeals the 48-month sentence he received for illegal reentry by an alien who was previously deported following a felony conviction. Rodriguez asserts that the district court procedurally erred by failing to provide adequate reasons for the extent of the variance from a guidelines sentencing range of 24 to 30 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20298

The district court explained that the 48-month sentence was shortest sentence that could meet the 18 U.S.C. § 3553(a) objectives of affording deterrence, promoting respect for the law, reflecting the seriousness of the offense, providing just punishment, and protecting the public.  The court emphasized Rodriguez's history of recidivism, his three previous deportations, and his prior federal conviction for illegal reentry.  The court observed that his previous 30-month sentence for illegal reentry had no deterrent effect, as Rodriguez returned to the United States and was convicted of theft little more than year later.  He subsequently was deported again, returned again, and was convicted again of theft, among other crimes.  These facts, used by the district court to support the variance, are consistent with the sentencing objectives of § 3553(a).  *See* § 3553(a); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  The district court's explanation allows meaningful review and promotes the perception of fair sentencing.  *See Gall v. United States*, 552 U.S. 38, 50 (5th Cir. 2007).  We find no significant procedural error.  *See id.*; *Mares*, 402 F.3d at 519.

Rodriguez also challenges the extent of the variance, asserting that the district court failed to give proper weight to the Guidelines and his personal history, family ties, and fear of drug violence in Mexico.  He contends that the sentence "simply incapacitates a nonviolent offender who clearly wants to change his life and establish a secure life in Mexico, with the help of his brothers, so that he may help his son provide for his disabled grandson."  He concludes that the district court erred in balancing the § 3553(a) factors.

The district court placed greater weight on facts of Rodriguez's past--his longstanding criminal lifestyle, pattern of illegally reentering the United States, and the failure of a prior 30-month sentence for illegal reentry to deter him--than on his promise lawfully to support his family from Mexico in the future.  In light of Rodriguez's history, which includes 10 convictions for serious offenses and three deportations within a 19-year period, such a promise lacked

credibility.  The district court properly emphasized his criminal history.  *See United States v. Herrera-Garduno*, 519 F.3d 526, 531 (5th Cir. 2008).  Rodriguez fails to show that his sentence does not account for a factor that should have received significant weight, that it gives significant weight to an irrelevant or improper factor, or that it represents a clear error in balancing the § 3553(a) factors.  *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The district court did not abuse its discretion in imposing the 48-month sentence.  The judgment of the district court is AFFIRMED.