# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 12-60983
Summary Calendar

August 30, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIDGETTE COOK, also known as Bridgette Sanford,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:11-CR-165-1

Before KING, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Bridgette Cook pleaded guilty to conspiring to make, utter, and publish false instruments in violation of 18 U.S.C. §§ 371 and 514(a)(1) and (2). The district court sentenced her to 48 months in prison, above the guidelines range of 30 to 37 months, and a three-year term of supervised release. The court also ordered that the sentence run consecutively to a state sentence that Cook was then serving resulting from revocation of supervised release in a Mississippi

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state case.  Prior to her Mississippi revocation, Cook served approximately two years in prison for check forgery in Tennessee.

Cook argues that the upward variance was unreasonable because it was based on her criminal history, which was already accounted for in the guidelines range. She also contends that her sentence was substantively unreasonable because the district court's sentence, when combined with the four years she served on state charges, resulted in a sentence significantly above the Guidelines range.

"We review the reasonableness of a sentence for abuse of discretion, whether it is inside or outside the guidelines range." *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011).  The above-guidelines sentence was not an abuse of discretion.  The choice of the sentence was grounded in the district court's assessment of proper factors, including Cook's extensive history of 28 fraud convictions, some of which were not counted in her 20 criminal history points, seven more than needed to place her in Category VI; the ineffectiveness of prior sentences in deterring future criminal behavior; and the need to protect the public.  *See* 18 U.S.C. § 3553(a).  Cook has shown no abuse of discretion.  *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); *United States v. Herrera-Garduno*, 519 F.3d 526, 531 (5th Cir. 2008).

The district court also did not abuse its discretion in imposing a sentence to run consecutively to the revocation sentence imposed in state court.  The imposition of a consecutive sentence is authorized by statute and is preferred under the Guidelines when, as here, the defendant was on supervised release at the time of the offense and that supervision is revoked.  *See* 18 U.S.C. § 3584; U.S.S.G. § 5G1.3, comment. (n.3(C)).  The district court's conclusion that a consecutive sentence was appropriate was well within its discretion.

The judgment of the district court is AFFIRMED.