# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40752
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELVIN JAVIER RODRIGUEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-26-1

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Melvin Javier Rodriguez appeals his guilty plea and sentence for possession with intent to distribute heroin. As he concedes, his claims are reviewed only for plain error because they were not raised in the district court. To show plain error, Rodriguez must show that a forfeited error was "clear or obvious, rather than subject to reasonable dispute" and that the error affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

If he does, we have the discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks, alteration, and citation omitted). To show that an error or omission has affected his substantial rights concerning his plea, he "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

In his brief, Rodriguez first contends that his plea was invalid because the district court failed to inquire in further detail at rearraignment about his previous expression of dissatisfaction with counsel. He offers no authority for this contention. The court adequately ascertained that Rodriguez's differences with counsel had been resolved and that Rodriguez was "very appreciative" and satisfied with counsel's work on his behalf.

Similarly, Rodriguez offers no support for his contention that the court should have asked and advised him about the consequences of his rejection of the Government's offer of a plea agreement. Because the record reveals nothing about the plea offer, Rodriguez's assertions are based wholly on imaginative conjecture. Indeed, any inquiry by the court about the advisability of accepting or rejecting a plea agreement would have risked violating the absolute prohibition of court participation in plea negotiations. *See United States v. Hemphill*, 748 F.3d 666, 672 (5th Cir. 2014). Rodriguez fails to show any error, plain or otherwise, in the acceptance of his guilty plea.

Finally, Rodriguez contends that his sentence was unreasonable. Although this challenge is reviewable for plain error, it fails under our typical review for reasonableness under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). The "safety valve" sentence was below the statutory minimum and

within the correct revised guideline range. It is therefore presumed reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The court gave adequate reasons for the within-guideline sentence. *See Rita*, 551 U.S. at 356; *United States v. Herrera-Garduno*, 519 F.3d 526, 531 (5th Cir. 2008). By arguing that the district court should have weighed the sentencing factors differently, Rodriguez merely invites us to adopt his assessment of those factors rather than the district court's, which is contrary to the deferential review mandated by *Gall*. *See Gall*, 552 U.S. at 51. His mere disagreement with the propriety of the sentence does not rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Rodriguez shows no unreasonableness or plain error in his sentence.

The judgment is AFFIRMED.