# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2015

Lyle W. Cayce
Clerk

No. 14-41208
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADAN AMADOR-CUENCA, also known as Adan Amador Villareal-Cuenca,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-918-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Adan Amador-Cuenca appeals his 80-month sentence for transporting an illegal alien. The sentence was above the advisory guideline maximum of 41 months. Amador-Cuenca argues that the sentence was substantively unreasonable because it was greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a). He argues that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41208

ignored other relevant factors by giving too much weight to a prior sentence for illegal reentry.

Amador-Cuenca does not assert any procedural error.  We review the substantive reasonableness of the sentence for abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 46, 51 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007).  We consider whether the sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."  *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (internal quotation marks and citation omitted).  But we "must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance," even if we "might reasonably have concluded that a different sentence was appropriate." *Gall*, 552 U.S. at 51.

As the district court noted, Amador-Cuenca had several prior convictions for illegally entering the United States, two in 1997, two in 1998, and one in 2005.  He was also convicted of smuggling aliens in 1999 and 2000.  He received a 37-month sentence for the 2000 offense and a 70-month sentence for the 2005 conviction.  The district court noted that the most recent sentence of 70 months had not had any obvious deterrent effect.  The court also cited "the need to promote respect for the law, to deter further criminal conduct, and to provide for the safety of the community."  Further, the degree of deviation was comparable to other above-guideline sentences we have affirmed.  *See United States v. Herrera-Garduna*, 519 F.3d 526, 531-32 (5th Cir. 2008) (collecting cases and affirming a 60-month sentence where the guideline maximum was 27 months).

No. 14-41208

In light of the deference due to the sentencing court, the sentence is not unreasonable. *See Gall*, 552 U.S. at 51-52. The judgment is AFFIRMED.