# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60046
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER WILSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:16-CR-76-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Christopher Wilson appeals the 60-month sentence imposed after he pleaded guilty to failing to register under the Federal Sex Offender Registration and Notification Act. *See* 18 U.S.C. § 2250(a). The sentence was an upward variance from the advisory guideline maximum sentence of 37 months under 18 U.S.C. § 3553(a). Wilson contends that the sentence was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

greater than necessary to accomplish the goals of sentencing in light of his mental problems and his history of childhood hardship and neglect.

Because Wilson does not allege any procedural error, we review the substantive reasonableness of the sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). We "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

The district court considered Wilson's arguments for leniency based on his mental problems and the distressing nature of his upbringing. But the court also took note of Wilson's prior sex crimes, one involving a 13 year-old girl and one involving a six year-old. The court gave a thorough explanation of the § 3553(a) factors on which it was relying, particularly the need to protect the public and to deter future crimes in light of Wilson's history and characteristics.

Wilson simply asks us to substitute his assessment of the sentencing factors for the district court's well-reasoned assessment, which is directly contrary to the deferential review required by *Gall*. *See Gall*, 552 U.S. at 51. Further, the degree of deviation was comparable to other above-guideline sentences we have affirmed. *See United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008) (collecting cases and affirming a 60-month sentence where the guideline maximum was 27 months).

The judgment is AFFIRMED.