# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40166
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOEL ARISTIGUES ARANA-RIVERA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-743-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Joel Aristigues Arana-Rivera appeals his 42-month sentence for illegally reentering the United States after being deported. Citing 18 U.S.C. § 3553(a), the district court imposed an upward variance of 15 months above the advisory guideline maximum to protect the public and to deter future criminal conduct. The court based the variance on the seriousness of Arana-Rivera's prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40166

Virginia convictions for aggravated malicious wounding, robbery, and burglary with a deadly weapon.

All sentences are reviewed for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). Arana-Rivera does not allege any procedural error, but contends only that the sentence is substantively unreasonable. *See Gall*, 552 U.S. at 51. Accordingly, we consider whether the sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (internal quotation marks and citation omitted). Still, we "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," and reversal is not warranted even if we "might reasonably have concluded that a different sentence was appropriate." *Gall*, 552 U.S. at 51.

Arana-Rivera asserts that the district court did not give adequate weight to his youth at the time of the prior offenses. The court was aware of Arana-Rivera's youth but reasonably concluded that he had "committed a pretty adult crime." The court also heard and rejected an account of the criminal activity, in which defense counsel suggested that Arana-Rivera was little more than a guilty bystander.

Although Arana-Rivera denies asking us to reweigh the sentencing factors, he is necessarily asking us to substitute his assessment of those factors for the district court's assessment, which is contrary to the deferential review dictated by *Gall*. *See Gall*, 552 U.S. at 51. Further, the degree of deviation was comparable to or less than other above-guideline sentences we have

2

affirmed. *See United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008) (collecting cases).

In light of the deference due to the sentencing court, the sentence is not substantively unreasonable, and the judgment is AFFIRMED. *See Gall*, 552 U.S. at 51.