# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10123
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODOLFO PEREZ-JIMENEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-354-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges

PER CURIAM:*

Rodolfo Perez-Jimenez appeals the sentence imposed following his guilty plea for illegal reentry. He argues that the 24-month, above-guidelines sentence is procedurally and substantively unreasonable because the district court failed to discuss or account for mitigating factors, including potential grounds for a downward departure from the advisory guidelines range. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10123

Because Perez-Jimenez did not object to the district court's explanation of his sentence, we review his procedural claim for plain error only. *See, e.g., United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008). The district court confirmed that it had considered the guidelines range and statutory sentencing factors, and it explained that it was imposing an above-guidelines sentence based upon Perez-Jimenez's criminal history, which included a conviction for indecency with a child that the court found particularly serious. Although the district court did not directly address arguments whereby Perez-Jimenez sought to minimize this history and urged that time recently served in state custody weighed against further imprisonment, the record indicates the court heard these arguments and chose to give them little weight. The district court's explanation for the sentence allows for effective review, and was not error, plain or otherwise. We therefore conclude that Perez-Jimenez has failed to show procedural error. *See United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013).

Perez-Jimenez has also failed to show substantive error, plain or otherwise. The record reflects that the district court made an informed, individualized assessment in sentencing Perez-Jimenez, and the eight-month upward variance imposed is well within the range of variances that we have upheld in the past. *See, e.g., Lopez-Velasquez*, 526 F.3d at 805; *United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008). The possibility of reasonable disagreement with how the district court balanced sentencing factors does not establish that the sentence is unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Accordingly, the district court's judgment is AFFIRMED.