# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2010

Charles R. Fulbruge III
Clerk

No. 09-50421
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRENT THOMAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-453-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Trent Thomas appeals from the 90-month sentence imposed by the district court for his conviction of possession of a firearm as a felon. This sentence was 12-months above the guidelines range of 63-78 months of imprisonment. We need not address Thomas's arguments that an upward departure pursuant to U.S.S.G. § 4A1.3 was not appropriate because the sentence may be affirmed on the district court's alternate basis for the sentence as an upward variance justified by the 18 U.S.C. § 3553(a) factors. *See United States v. Bonilla*, 524

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 647, 656-59 (5th Cir. 2008)(affirming a non-guidelines alternative sentence despite that the district court had erroneously calculated the applicable guidelines range), *cert. denied*, 129 S. Ct. 904 (2009).

Thomas argues that the above-guidelines sentence was procedurally unreasonable because the district court did not explain why it rejected his arguments that a lower sentence was warranted given that (1) most of his prior convictions were for misdemeanor offenses, (2) his past criminal activities were non-violent and were caused by his drug addiction, and (3) he had strong family ties.   However, the district court was not required to engage in "robotic incantations that each statutory factor has been considered." *Smith*, 440 F.3d at 707 (5th Cir. 2006) (internal quotation marks and citation omitted).  Rather, after listening to Thomas and his attorney's arguments as well as those of the Government, the district court explained that Thomas's extensive criminal history and his history of recidivism warranted a sentence above the guidelines. Thomas fails to show either that the district court failed to give adequate consideration to the § 3553(a) sentencing factors or failed to offer an adequate explanation for the sentence imposed. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007).   Nor has he shown that the sentence imposed was substantively unreasonable. *See id.* at 51; *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008)(affirming variance from the guideline maximum of 51 months to a sentence of 180 months); *United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008) (affirming variance from the guideline maximum of 27 months to a sentence of 60 months); *Smith*, 440 F.3d at 708-10 (same).

AFFIRMED.