# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2010

No. 09-10645
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON SEGURA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern  District of Texas
USDC No. 6:08-CR-45-1

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jason Segura pleaded guilty to one count of producing child pornography and aiding and abetting in the production of child pornography. *See* 18 U.S.C. §§ 2, 2251. The district court imposed a term of imprisonment of 360 months, above the United States Sentencing Guidelines advisory range of imprisonment but not above the statutory maximum. *See* § 2251(e). Segura argues that the sentence is substantively unreasonable. He asserts that the district court's explanation of the sentence was inadequate to justify the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

variance, that the stated reasons for the sentence were truisms present in all offenses of the type, that the district court imposed a sentence greater than necessary to meet the goals of 18 U.S.C. § 3553(a), and that the district court ignored mitigating factors such as Segura's lack of a criminal history, his stable employment record, and the fact that the incident occurred while he was under the influence of alcohol.

We review the substantive reasonableness of Segura's non-guidelines sentence for abuse of discretion, in light of the totality of the circumstances. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). We review whether the § 3553(a) factors support the sentence but give deference to the district court's determination that the factors justify the variance. *Id.* In light of that deference, Segura has failed to show that the district court abused its discretion. The district court stated that the factors enumerated in § 3553(a), particularly the nature of the offense, which the district court described as "heinous," supported a sentence of the statutory maximum term of imprisonment. *See* § 3553(a)(1). Specifically, the district court stated that the sentence was necessary to address Segura's history and characteristics, the need to promote respect for the law, the need to reflect the seriousness of the offense, and the need to provide an adequate and just punishment. *See* § 3553(a)(1), (2)(A)-(B). The district court added that the sentence was needed to afford adequate deterrence to further criminal conduct and to protect the community at large, children, and "little girls in particular" from further criminal activity by Segura. *See* § 3553(a)(2)(C).

The record supports the district court's conclusions. Segura admitted that he had viewed child pornography in the past, that he committed the instant offense while intoxicated, and that he was addicted to alcohol. *See* § 3553(a)(2)(B)-(C). Segura also had a prior conviction for driving while intoxicated, suggesting that the alcohol addiction was relatively long-term and ongoing. The information supports the district court's determination that the

sentence was needed to protect children and deter future criminal conduct by Segura. The record also supports the district court's characterization of the offense. Although the standard adjustments for specific offense characteristics were used to increase Segura's offense level in calculating the advisory guidelines range, the discrete increases did not truly capture the nature of the specific characteristics or the cumulative resulting nature of the whole offense. Not only was the child under 12, but she was only 3 years of age. Not only did the offense involve sexual contact or a sexual act, but Segura placed his penis in the toddler's mouth. Not only was the child in his care at that moment, but, as the mother's live-in boyfriend in the child's home, Segura held a particular, almost parental, position of trust with the child. Additionally, the district court stated that the offense was "one of the most vile" of all the cases the court had seen in twenty-one years, reflecting the court's conclusion that the offense was outside of the "heartland" of child pornography cases as addressed by the Sentencing Guidelines and previously seen by the court itself. *See Rita v. United States*, 551 U.S. 338, 351 (2007).

Moreover, the upward variance of 37% from the top of the guidelines range of 262 months to a sentence of 360 months of imprisonment is within the range of variances this court has upheld. *See Brantley*, 537 F.3d at 348-50 (upward variance resulted in sentence 253% above top of Guidelines range); *United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006). Segura has failed to show that his sentence was substantively unreasonable. *See Brantley*, 537 F.3d at 349.

Segura additionally argues that his sentence violated his Sixth Amendment right to a trial by jury and his Fifth Amendment rights to proof beyond a reasonable doubt and indictment, but concedes that the issue is foreclosed by this court's decision in *United States v. Rhine*, 583 F.3d 878, 891 & n.50 (5th Cir. 2009).

Finding no abuse of discretion in the district court's judgment, we AFFIRM.