# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2010

No. 10-50012
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR GONSALEZ-JUAREZ, also known as Hector Juarez-Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-443-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hector Gonsalez-Juarez appeals his sentence following his guilty plea conviction for illegal reentry into the United States. Gonsalez-Juarez was sentenced to 60 months of imprisonment and three years of supervised release, which constituted an upward variance from his advisory guidelines range of 24 to 30 months of imprisonment. Gonsalez-Juarez contends that his sentence should be vacated as substantively unreasonable because it was greater than necessary to satisfy the requirements of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After *United States v. Booker*, 543 U.S. 220 (2005), a sentence is reviewed for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). This court first examines whether the district court committed any significant procedural error. *Id.* at 51. If the district court's decision is procedurally sound, this court will then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* Because Gonsalez-Juarez does not contend that the district court committed procedural error, the only issue on appeal is the substantive reasonableness of his sentence.

In pronouncing Gonsalez-Juarez's sentence, the district court noted that Gonsalez-Juarez had not been deterred by the 33-month sentence imposed for his prior illegal reentry conviction; Gonsalez-Juarez had been engaged in criminal conduct constantly from 1983 to 2009; and many of Gonsalez-Juarez's past convictions, including twenty theft convictions, were not counted in his criminal history score. It stated that an upward variance to 60 months of imprisonment was a reasonable sentence when considering Gonsalez-Juarez's history of criminal conduct, the fact that his instant illegal reentry charge arose following another arrest for theft, and his multiple illegal reentries into the United States.

Gonsalez-Juarez argues that the district court should have proceeded cautiously in determining the extent of his upward variance because U.S.S.G. § 2L1.2, the guideline governing his illegal reentry conviction, produces relatively high guidelines ranges, as its application results in the counting of a defendant's criminal history both in increasing the defendant's offense level and in calculating his criminal history score. He also contends that the district court failed to consider that Gonsalez-Juarez returned to the United States based on a benign motive, namely to respond to his daughters' request for his help. Noting that Gonsalez-Juarez's advisory guidelines range would have been 33 to 41 months of imprisonment had all of his prior convictions been scored, he

contends that a 41-month sentence would have been sufficient under § 3553(a) and that the district court gave no reason why a 60-month sentence was more appropriate than a 41-month sentence.

Gonsalez-Juarez's lengthy criminal history, which included 24 convictions that were not counted in his criminal history score, was one of the factors that the district court was permitted to consider in imposing an upward variance. *See United States v. Herrera-Garduno*, 519 F.3d 526, 531 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). The district court's consideration of Gonsalez-Juarez's criminal history; continuing commission of theft, including in relation to his instant arrest; multiple illegal reentry offenses; and commission of the instant offense despite the 33-month sentence imposed for his prior illegal reentry conviction reflects consideration of Gonsalez-Juarez's history and characteristics, the nature and circumstances of his offense, and the need to promote respect for the law, afford adequate deterrence, and protect the public from further crimes by Gonsalez-Juarez. *See* § 3553(a). The district court listened at sentencing to the statements from Gonsalez-Juarez's daughter, as well as Gonsalez-Juarez's explanation that he reentered the United States in response to his daughters' request for his help.

"[I]n applying abuse-of-discretion review, [this court] 'must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Herrera-Garduno*, 519 F.3d at 530 (quoting *Gall*, 552 U.S. at 51). "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. The district court provided individualized, case-specific reasons for imposing the 60-month sentence, and Gonsalez-Juarez

has not shown that the sentence constituted an abuse of discretion. *See Herrera-Garduno*, 519 F.3d at 530-32.

AFFIRMED.