# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2010

No. 10-10407
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

GLORIA JEAN SIMMONS, also known as Gloria Norris Simmons,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CR-81-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gloria Jean Simmons appeals the 36-month sentence imposed following her guilty plea conviction for possession of stolen mail matter and aiding and abetting. Simmons specifically argues for the first time on appeal that the district court erred procedurally by making an upward variance at sentencing because it failed to address her nonfrivolous arguments for imposing a lesser sentence and failed to give an adequate explanation for the variance. She

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the district court's mere reference to the 18 U.S.C. § 3553(a) factors was insufficient.

Simmons did not raise these specific procedural objections in the district court; therefore, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361-62 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). The record reflects that the district court heard the arguments of defense counsel that Simmons should receive a guidelines range sentence in light of her drug rehabilitation efforts and her financial difficulties. The district court's comments about Simmons's recidivism and the fact that it varied upward constituted an implicit rejection of her arguments for a more lenient sentence. *See Rita v. United States,* 551 U.S. 338, 359 (2007). The district court expressly considered the relevant § 3553(a) policy factors and gave adequate reasons for the imposition of the 36-month sentence. *See United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008). The district court's procedural ruling was not erroneous and did not affect Simmons's substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Simmons argues that her sentence was substantively unreasonable because the district court did not take into account her drug rehabilitation or motive for stealing, it overemphasized her single prior conviction, and it failed to consider the relatively minor nature of her offense. She contends that the extent of the variance was not justified and was substantively unreasonable.

In reviewing a non-guidelines sentence for substantive unreasonableness, this court will consider the totality of the circumstances, including the extent of any variance from the guidelines range. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). This court also reviews whether the § 3553(a) factors support the sentence and gives deference to the district court's determination that the § 3553(a) factors justify the variance. *Id.*

The district court's explanation at sentencing and its written statement of reasons reflect that it based its sentencing determination on the § 3553(a)

factors, including the nature and circumstances of the offense of conviction, Simmons's history and characteristics, the need to provide just punishment, and the need to deter Simmons from further criminal conduct. Simmons's recidivism was an important and relevant factor entitled to significant weight. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). The totality of the circumstances surrounding Simmons's offense justified the extent of the variance.

Given the significant deference that is owed to a district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Simmons has not shown that her sentence was substantively unreasonable. *See Brantley*, 537 F.3d at 349.

The sentence is AFFIRMED.