# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 5, 2011

Lyle W. Cayce
Clerk

No. 10-40170
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR PENA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-865-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Oscar Pena appeals his sentence following his guilty plea conviction for transporting an undocumented alien within the United States by means of a motor vehicle. Pena was sentenced to sixty months of imprisonment and three years of supervised release. His sentence constituted an upward departure, pursuant to U.S.S.G. § 4A1.3, from his advisory guidelines range of twenty-one to twenty-seven months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40170

Although Pena's plea agreement contained a provision waiving his right to appeal his sentence, he reserved the right to appeal an upward departure from the Sentencing Guidelines that had not been requested by the Government. Here, the district court upwardly departed above the advisory guidelines range even though the Government requested a sentence within that range. Because the district court upwardly departed without a Government recommendation, the exception to the waiver provision applies.

Pena argues that the district court imposed an unreasonable sentence by opting to depart upwardly under § 4A1.3. He contends that the court justified its decision to depart upwardly upon prior convictions and prior conduct that did not count for criminal history purposes, and which were poor predictors of his recidivism or his criminality. Pena also maintains that his criminal history does not illustrate a penchant for violence, and that his instant offense was nonviolent in nature.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Reasonableness review, in the context of a guidelines departure, requires this court to evaluate both the decision to depart upward and the extent of the departure for an abuse of discretion. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). An upward departure is not an abuse of discretion if the reasons for the departure advance the objectives of 18 U.S.C. § 3553(a)(2) and are justified by the particular facts of the case. *Id.*

In this case, the district court did not abuse its discretion in imposing an upward departure based on its conclusion that Pena's criminal history score under-represented the seriousness of his past convictions and the likelihood that he would continue his pattern of criminal activity. *See Zuniga-Peralta*, 442 F.3d at 347-48 (5th Cir. 2006). The district court's stated reasons for the departure– i.e., Pena's pattern of habitual criminal behavior, the lack of deterrence from his

prior sentences, his disregard for the law, his unwillingness to change his behavior, and the likelihood that he would commit future crimes– advance the objectives set forth in § 3553(a)(2). *Zuniga-Peralta*, 442 F.3d at 347; § 3553(a)(2). Likewise, the facts of the case justified the departure. *Zuniga-Peralta*, 442 F.3d at 347. Pena previously was convicted of burglary of a habitation, murder, and aggravated assault, and was not assigned any criminal history points for those convictions because of their age. Further, he was involved in other serious criminal conduct, including burglary of a habitation, murder, and making terroristic threats, for which he was not ultimately convicted. Thus, the district court's decision to depart upwardly was permissible. Pena's convictions and conduct, regardless of their recency, were evidence of serious criminal conduct and were relevant to several § 3553(a) factors, including his violent history and the need for the sentence to provide just punishment and to protect the public. *See* U.S.S.G. § 4A1.2(e) cmt. n.8*; United States v. Beasley*, 90 F.3d 400, 403 (9th Cir. 1996).

Pena also argues that the sentence imposed was unreasonable because the district court failed to give weight to his drug addiction, which he contends should have been considered as an explanation for his criminal history. He asserts that his past drug abuse explains his criminality and should have been evaluated by the district court as part of his personal history and characteristics. However, the record supports that Pena's history of drug use was fully before the district court. The court's decision to impose an upward departure despite having knowledge of Pena's drug addiction constituted an implicit rejection of Pena's assertion that he was entitled to sentencing leniency on this basis. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). The district court exercised its discretion and decided to place greater emphasis on factors that favored an upward departure rather than those that might favor a more lenient sentence.

No. 10-40170

Pena also argues that the extent of the departure– thirty-three months above the top of his advisory guidelines range– was excessive.  He asserts that the departure caused a disparity between him and similarly situated defendants, and denied him credit for acceptance of responsibility.  The extent of the departure is reviewed for abuse of discretion.  *See Zuniga-Peralta*, 442 F.3d at 347.

This court has upheld upward departures of the same extent and of greater magnitude.  *See, e.g.*, *United States v. Herrera-Garduno,* 519 F.3d 526, 531-32 (5th Cir. 2008) (affirming upward departure from guidelines range of twenty-one to twenty-seven months, to sixty months when underlying circumstances rendered guidelines sentence unreasonable); *Zuniga-Peralta*, 442 F.3d at 347-48 (upholding a departure from thirty-three to sixty months where defendant had, inter alia, prior uncounted offenses and deportations); *United States v. Jones*, 444 F.3d 430, 433, 442 (5th Cir. 2006) (upholding 120-month sentence where maximum of guidelines range was fifty-seven months).  That we might conclude that a different sentence is appropriate "is an insufficient justification for reversal of the district court, because the sentencing judge is in a superior position to evaluate the § 3553(a) factors."  *United States v. Armstrong*, 550 F.3d 382, 405 (5th Cir. 2008) (citation omitted).  Pena has not identified any similarly situated defendants who received a lesser sentence or shown that any disparity created by the sentence imposed in this case was unwarranted in light of his criminal history and history of recidivism.  *See* § 3553(a)(6).  Moreover, in light of all the facts, the district court did not abuse its discretion in departing upwardly based upon Pena's criminal history despite his acceptance of responsibility for this offense.  Pena therefore has not shown that the sixty-month sentence was an abuse of discretion.  *See Zuniga-Peralta*, 442 F.3d at 347-48.

AFFIRMED.

4