# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 26, 2011

No. 10-60586
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CORNELIUS HENLEY,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:09-CR-48-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Cornelius Henley appeals from the 60-month sentence of imprisonment imposed for his guilty plea conviction for aiding and abetting another to make false statements to a federally licensed firearm dealer in connection with the purchase of a firearm. He argues that the district court erred by determining that he warranted an upward departure under U.S.S.G. § 4A1.3(a) and by failing to follow the correct procedure when calculating the extent of the departure under § 4A1.3(a)(4).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although the district court stated at sentencing that it would impose an "upward departure," it also stated that it would "impose a sentence that is above the advisory guideline range," discussed the various 18 U.S.C. § 3553(a) factors that justified the sentence, and noted that it received guidance from *United States v. Herrera-Garduno*, 519 F.3d 526 (5th Cir. 2008). Moreover, because the district court clarified in the Statement of Reasons that it was imposing a sentence outside the advisory sentencing guidelines system, we review the imposed sentence as a non-guideline sentence. *See United States v. Jacobs*, 635 F.3d 778, 780 n.1 (5th Cir. 2011).

Henley's arguments specifically regarding the § 4A1.3(a) departure are not relevant as to the imposed non-guideline sentence. Moreover, our review of the district court's reasons for applying the variance and determining the extent of the variance show that the imposed sentence was not unreasonable under the circumstances. *See Herrera-Garduno*, 519 F.3d at 532.

The judgment of the district court is AFFIRMED.