# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

Lyle W. Cayce
Clerk

No. 10-51221
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGELIO HERNANDEZ-PORTILLO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1112-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Rogelio Hernandez-Portillo appeals the 36-month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the above-guidelines sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Specifically, he argues that the sentence was more than double the lowest sentence recommended by the what the parties agreed was the correct guidelines range, that U.S.S.G. § 2L1.2 double counted

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his criminal history and overstated the seriousness of his relatively minor trespassing offense, that the Guidelines failed to account for his benign motive for returning to the United States, and that he was ignorant of the serious sentence he faced for illegally reentering the United States.  He also argues that the district court's comments at sentencing demonstrated a disdain for circuit precedent and appellate review, thereby undermining respect for the law and the perception of fairness in sentencing.

We review the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing an above-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted).  We also review whether the § 3553(a) factors support the sentence and give deference to the district court's determination that the § 3553(a) factors justify the variance. *Id.*

Before imposing sentence, the district court considered the two possible guidelines ranges, the applicable policy statements, the § 3553(a) factors, the facts set forth in the presentence report, and Hernandez-Portillo's arguments in mitigation of his sentence. The district court made an individualized assessment and concluded that neither range adequately took into account the § 3553(a) factors. Although Hernandez-Portillo's 36-month sentence is 15 months greater than the top of the 15- to 21-month guidelines range and three months greater than the top of the 27- to 33-month guidelines range, we have upheld variances considerably greater than the increase to his sentence. *See Brantley*, 537 F.3d at 348-50; *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006).  We have also held that a district court may impose a non-guidelines sentence based upon its disagreement with the Guidelines, *United States v. Herrera-Garduno*, 519 F.3d 526, 530-31 (5th Cir. 2008), and rejected arguments that double

counting renders a sentence unreasonable, *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Hernandez-Portillo's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors; instead, they constitute a mere disagreement with the district court's weighing of those factors.  Given the significant deference that is due to a district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Hernandez-Portillo has not demonstrated that the sentence is substantively unreasonable.  *See Gall*, 552 U.S. at 50-53; *Brantley*, 537 F.3d at 349.  Accordingly, the district court's judgment is AFFIRMED.