# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50165
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANTIAGO RODRIGUEZ-JAIMES, also known as Santiago Benitez-Jaimes,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-909-1

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Santiago Rodriguez-Jaimes appeals the 36-month, non-guidelines sentence imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. He challenges the substantive reasonableness of his sentence on the ground that it is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50165

Because he does not argue that the district court committed any procedural error in imposing the sentence, our review is limited to whether the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). When the district court has imposed a sentence that varies from the guidelines range, reasonableness review requires that we evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth in § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Here, Rodriguez-Jaimes states the following in his brief: "The district court imposed the 36-month sentence after considering [the defendant's] uncounted criminal history. This was a proper sentencing consideration." Although Rodriguez-Jaimes asserts that the district court gave too much weight to old, uncounted convictions and not enough weight to his medical conditions, the record does not reflect that the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. *Id.* Rather, the record reflects that the district court considered the Guidelines and policy statements, the sentencing factors of § 3553(a), the Presentence Report, and Rodriguez-Jaimes's arguments in mitigation of his sentence. Additionally, although the 36-month sentence is 12 months greater than the top of the guidelines range, we have upheld greater deviations from the guidelines. *See, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008).

Based on the totality of the circumstances, including the significant deference that is due to a district court's consideration of the § 3553(a) factors, the sentence imposed was reasonable. *See Gall*, 552 U.S. at 50-53; *United*

No. 14-50165

*States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).  Accordingly, the district court's judgment is AFFIRMED.