# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40418
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO PEREZ-ORTEGA, also known as Alberto Perez-Ortego,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-1203

Before DeMOSS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alberto Perez-Ortega appeals the 36-month, non-guidelines sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He challenges the substantive reasonableness of his sentence on the ground that it is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40418

Because Perez-Ortega does not argue that the district court committed any procedural error in imposing the sentence, we limit our review to the issue whether the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). When the district court has imposed a sentence that varies from the guidelines range, reasonableness review requires that we evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth in § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Although Perez asserts that the district court gave too much weight to his prior convictions and not enough weight to the fact that he had changed his life for the better and his benign motive for illegally reentering this country, the record does not reflect that the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. *See Smith*, 440 F.3d at 708. Rather, the record reflects that the district court considered the Guidelines and policy statements, the sentencing factors of § 3553(a), the Presentence Report, and Perez-Ortega's arguments in mitigation of his sentence. Additionally, although the 36-month sentence is 20 months greater than the top of the guidelines range, we have upheld much greater variances. *See, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008).

Based on the totality of the circumstances, including the significant deference that is due to a district court's consideration of the § 3553(a) factors, the sentence imposed was reasonable. *See Gall*, 552 U.S. at 50-53; *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Accordingly, the district court's judgment is AFFIRMED.