# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-51056
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO MENDEZ-MURILLO, also known as David Mendez, also known as Sedillo Guadalupe,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:15-CR-293-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ramiro Mendez-Murillo was convicted of one count of illegal reentry into the United States, and he received an above-guidelines sentence of 37 months in prison and a three-year term of supervised release. Now, Mendez-Murillo argues that his sentence is substantively unreasonable because the district court gave too much weight to his unscored criminal convictions and too little

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51056

weight to his alcoholism.  He also complains that the district court used his prior 24-month sentence as its starting point, thereby supplanting the 10-16 month guidelines range.

If the district court has imposed a sentence that deviates from the guidelines range, reasonableness review requires that this court evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth in 18 U.S.C. § 3553(a).  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Smith*, 440 F.3d at 708.

The district court's remarks at sentencing show that it gave due consideration to the § 3553(a) factors and committed no error when balancing them.  *See Smith*, 440 F.3d at 708.  Additionally, the record shows that the district court started with the guidelines range but found this range inadequate in light of several factors, including the desire for the sentence imposed to provide an adequate measure of deterrence.  *See* 18 U.S.C. § 3553(a)(2)(B).    The record thus refutes Mendez-Murillo's argument concerning the district court's alleged improper use of his prior 24-month sentence.

AFFIRMED.

2