# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11659
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID CHAVEZ-DELGADO, also known as Andres Chavez-Delgado,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16-CR-17-1

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

David Chavez-Delgado appeals his 36-month above-guidelines sentence imposed following his guilty plea to being found unlawfully present in the United States following his deportation. He argues that his sentence is substantively unreasonable because a guidelines range sentence would have been sufficient to meet the goals of the sentencing factors in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11659

Chavez-Delgado did not object to the substantive reasonableness of the sentence in the district court and, therefore, review is for plain error. To show plain error, Chavez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In reviewing a non-guidelines sentence for substantive reasonableness, this court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). A non-guidelines sentence unreasonably fails to reflect the statutory sentencing factors set forth in § 3553(a) where it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The district court must make an individualized assessment of the particular facts in the case. *Gall v. United States*, 552 U.S. 38, 50-51 (2007).

The district court adopted the undisputed findings in the presentence report and heard the mitigating arguments made by Chavez's counsel. It stated that it had considered the § 3553(a) factors and determined that an upward variance was warranted in light of Chavez's personal history and characteristics, including his criminal history, the need for adequate punishment and deterrence, and to provide protection to the public. The district court's reasons for imposing an upward variance were fact-specific and consistent with the § 3553(a) factors. *Gall*, 552 U.S. at 50-51. The record does

No. 16-11659

not reflect that the district court failed to take into account any factor that warranted significant weight or that it gave undue weight to an improper factor. *See Smith*, 440 F.3d at 708.

Insofar as Chavez argues that the extent of the variance is unreasonable, this court has upheld greater and similar upward variances. *See, e.g., United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008); *United States v. Mendez-Murillo,* 670 F. App'x 215, 216 (5th Cir. 2016).

Chavez has not demonstrated that the district court plainly erred in making the upward variance or that the sentence is substantively unreasonable. *See Puckett*, 556 U.S. at 135; *Smith*, 440 F.3d at 708. The sentence is AFFIRMED.