# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-60081
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGELA MAXINE LEE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-153-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Angela Maxine Lee appeals the 84-month sentence imposed after she pleaded guilty to possessing a firearm after being convicted of a felony. Lee contends that the sentence, which was above the 46-month advisory maximum, was substantively unreasonable because the district court gave too much weight to the fact that she had twice absconded from probation and because the court erred in balancing the sentencing factors of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60081

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).   Substantive reasonableness is determined under the totality of the circumstances in reference to the § 3553(a) factors.  *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).  A sentence is substantively unreasonable if "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."   *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (internal quotation marks and citation omitted).   Relevant § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as to deter criminal conduct and "to protect the public from further crimes of the defendant."  § 3553(a)(1) & (2).

Although the Government and the probation officer agreed at sentencing that a sentence within the guideline range was appropriate, the district court disagreed and questioned the parties and the probation officer at length as to why they believed a within-guideline sentence was proper.   The court ultimately expressed its view that the Sentencing Guidelines did not adequately take into consideration the two times that Lee absconded from probation, and that she was "on the lam" when arrested.  The court was also troubled by Lee's lack of employment history and her extensive history of illegal drug abuse that led to her frequent homelessness.  The court further noted that Lee's prior state sentences and previous "state court mercy" had not deterred her criminal conduct.   The court further cited the "necessity for restraint" before concluding that Lee lacked the "capacity for rehabilitation."

No. 19-60081

The reasons given by the district court pertain to relevant § 3553(a) factors, specifically Lee's history and characteristics as well as deterrence and the need to protect the public. *See* § 3553(a)(2). We have affirmed similar or greater variances. *See United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006) (affirming a 60-month sentence above a 27-month guideline range); *cf. also Brantley*, 537 F.3d at 348-50 (upholding an upward variance to 180 months from an advisory maximum of 51 months); *United States v. Herrera-Garduna*, 519 F.3d 526, 531-32 (5th Cir. 2008) (collecting cases and affirming a 60-month sentence where the guideline maximum was 27 months).

Even if we "might reasonably have concluded that a different sentence was appropriate," we "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. In light of the required deference, we cannot say that the sentence is substantively unreasonable. *See id.* Accordingly, the judgment is AFFIRMED.