# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2019

Lyle W. Cayce
Clerk

No. 19-20054
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ALBERTO HERNANDEZ-SANCHEZ, also known as Roberto Vasquez, also known as Jose Roberto Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-424-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Carlos Alberto Hernandez-Sanchez appeals the sentence imposed following his guilty plea for illegal reentry. He contends that his 36-month, above-guidelines sentence is substantively unreasonable because the district court placed too much emphasis on his criminal history and failed to give due

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20054

weight to other factors.  We review for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Finding none, we affirm.

The record reflects that the district court considered the guidelines range, the 18 U.S.C. § 3553(a) factors, the facts set forth in the presentence report, and the arguments of the parties.  Based upon Hernandez-Sanchez's criminal history, the district court concluded that the guidelines range did not adequately account for the § 3553(a) factors in the context of this case.  Although the 36-month sentence is 22 months greater than the top of the guidelines range, we have upheld comparable upward variances in the past.  *See, e.g., United States v. Lopez-Velasquez*, 526 F.3d 804, 805, 807-08 (5th Cir. 2008); *United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008).  Hernandez-Sanchez's arguments evince mere disagreement with the district court's reasoning, which is not a sufficient ground for reversal.  *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).  Viewing the court's determination with the requisite deference, *see Gall*, 552 U.S. at 50-53, we conclude that Hernandez-Sanchez has failed to demonstrate that his sentence is substantively unreasonable.

AFFIRMED.