# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50640
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DELTON DARNELL JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-272-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Delton Darnell Jones pleaded guilty to being an accessory after the fact, in violation of 18 U.S.C. § 3, and was sentenced above the guidelines range to 36 months of imprisonment. He argues that his sentence is substantively unreasonable, asserting that the district court erred in giving undue weight to the length and seriousness of his criminal past. He also contends that the district court incorrectly relied on the fact that his prior felony drug convictions

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

could have subjected him to a sentencing enhancement, noting that his offense, being an accessory after the fact, was not a drug-trafficking offense which could have triggered a sentencing enhancement under 21 U.S.C. § 851.

This court reviews the substantive reasonableness of a sentence under a highly deferential abuse-of-discretion standard. *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (internal quotation marks and citations omitted). A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court was entitled to consider and place appropriate weight on Jones's extensive criminal history, which spanned decades, included numerous unscored convictions, and involved multiple revocations of supervised release. *See* § 3553(a)(1); *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). The district court was similarly entitled to consider the entirety of the circumstances involved, including the serious nature of the offense, when imposing its sentence. *See* § 3553(a)(1) & (a)(2)(A). Jones's argument to the contrary notwithstanding, neither the presentence report nor the district court cited the possibility of a § 851 enhancement as a basis for the upward variance. Instead, the record shows that the district court considered Jones's prior serious drug felonies, along with the fact that the instant charges stemmed from another serious drug felony, in concluding that a variance was warranted to "reflect the serious nature of this offense," an appropriate sentencing consideration. *Cf. United States v. Herrera-Garduno*, 519 F.3d 526, 530-31 (5th Cir. 2008).

No. 19-50640

Inasmuch as Jones complains that the extent of the variance was unjustified, his argument is unavailing. Although the 36-month sentence is 24 months greater than the top of his 6- to 12-month guidelines range, the extent of the departure satisfies the § 3553(a) factors, particularly the need for adequate deterrence. *See* § 3553(a)(2); *see also United States v. Pillault*, 783 F.3d 282, 288 (5th Cir. 2015).

The judgment is AFFIRMED.