# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2021

Lyle W. Cayce
Clerk

No. 20-40816
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Fuentes-Perez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-799-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Carlos Fuentes-Perez pled guilty, without the benefit of a plea agreement, to one count of illegally reentering the United States in violation of 8 U.S.C. § 1326. The district court sentenced Fuentes-Perez to 36 months of imprisonment, which was above the advisory sentencing guidelines range

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40816

of 18 to 24 months in prison.  On appeal, Fuentes-Perez asserts that his sentence is substantively unreasonable because the district court erred in balancing the factors set forth in 18 U.S.C. § 3553(a).

Although Fuentes-Perez did not specifically object to the substantive reasonableness of his sentence after it was imposed, he did seek a sentence lower than the one ultimately imposed.  Erring on the side of caution, we analyze Fuentes-Perez's substantive reasonableness claim as though error was preserved.  *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764– 67 (2020), *on remand*, 955 F.3d 519, 520 n.1 (5th Cir. 2020) (per curiam).

This court reviews sentences, whether inside or outside the Guidelines, for reasonableness in light of the sentencing factors set forth in § 3553(a) and reviews the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 46–47, 49–51 (2007).  A sentence is not unreasonable merely because a different sentence would also have been appropriate.  *Id*. at 51.

The record demonstrates that the district court assessed the facts and arguments of the parties and determined that a sentence within the advisory guidelines range was insufficient to achieve the sentencing goals set forth in § 3553(a).  The district court further adopted the presentence report and considered the advisory sentencing guidelines range and the § 3553(a) sentencing factors, specifically noting the history and characteristics of the defendant and the need for the sentence to promote respect for the law and afford adequate deterrence from crime.

Fuentes-Perez's arguments on appeal constitute a disagreement with the district court's weighing of the § 3553(a) factors and correctness of the sentence imposed.  This disagreement does not show error in connection with his sentence, nor does it show that the sentence imposed was not reasonable.  *See Gall*, 552 U.S. at 51; *United States v. Malone*, 828 F.3d 331,

No. 20-40816

342 (5th Cir. 2016); *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (per curiam). Furthermore, this court does not reweigh the § 3553(a) factors and reexamine their relative import, nor will it reverse the district court on the basis that this court could reasonably conclude that a different sentence may have been proper. *See Gall*, 552 U.S. at 51; *United States v. McElwee*, 646 F.3d 328, 344 (5th Cir. 2011). Here, Fuentes-Perez's sentence is supported by numerous § 3553(a) factors and is within the statutory maximum. *See* 8 U.S.C. § 1326(a), (b).

As to the extent of the variance, Fuentes-Perez's sentence is twelve months greater than the top of his advisory guidelines range. This court has upheld much greater variances. *E.g.*, *United States v. Key*, 599 F.3d 469, 475–76 (5th Cir. 2010); *United States v. Herrera-Garduno*, 519 F.3d 526, 531–32 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 433, 441–42 (5th Cir. 2006); *United States v. Smith*, 417 F.3d 483, 485, 492 (5th Cir. 2005). Given the significant deference that is due to a district court's consideration of the § 3553(a) factors, Fuentes-Perez has not demonstrated that the district court committed any error in imposing his above-guidelines sentence. *See Gall*, 552 U.S. at 50–53.

The district court's judgment is AFFIRMED.